IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

Case No.: 3:21-cv-1214

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>)<br>)<br>)<br>Plaintiff,   )<br>)<br>)<br>vs.   )<br>)<br>)<br>DLS ENGINEERING ASSOCIATES, INC.,   )<br>)<br>)<br>)<br>Defendant.   )<br>)<br>_____ ) | COMPLAINT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**
**[INJUNCTIVE RELIEF REQUESTED]**

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, including by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); Title I of the Civil Rights Act of 1991; and 42 U.S.C. § 1981 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to

1

the Charging Party Shelby Anderson (f/k/a Shelby Linton), who was adversely affected by such practices. Plaintiff the United States Equal Employment Opportunity Commission alleges that Defendant, DLS Engineering Associates, Inc. ("DLS"), discriminated against Shelby Anderson by failing to hire her because of her pregnancy and/or anticipated childbirth, a condition of her sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of

Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3), and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e-(k).

4. At all relevant times, DLS has continuously been a corporation doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5. At all relevant times, DLS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-l(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Shelby Anderson filed a charge with the EEOC alleging that DLS violated Title VII by discriminating against her on the basis of her sex/pregnancy.

7. Prior to the institution of this lawsuit, the EEOC issued a Letter of Determination to DLS finding reasonable cause to believe that Title VII was violated when DLS failed to employ Ms. Anderson because of her sex/pregnancy. The Letter of Determination invited DLS to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. Prior to the institution of this lawsuit, the EEOC issued to Defendant a Notice of Failure of Conciliation advising DLS that the EEOC

was unable to secure from DLS a conciliation agreement acceptable to the EEOC.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. DLS provides services related to intelligence, cybersecurity, finance and budgeting, enterprise acquisition and modernization, and other related areas.

11. In 2020, DLS was accepting applications for an Engineering Logistics Analyst in connection with a contract to support the execution of overhaul and modernization of U.S. Navy Ships at Naval Station Mayport in Jacksonville, Florida.

12. Shelby Anderson, then Shelby Linton, applied for the position.

13. Ms. Anderson was qualified for the position, having served in the U.S. Navy.

14. On or about December 2, 2020, Kevin Rodriguez, Vice President for DLS, contacted Ms. Anderson to arrange an interview.

15. Mr. Rodriguez subsequently interviewed Ms. Anderson for the position.

16. On or about December 11, 2020, following the interview, Mr. Rodriguez extended an offer of employment to Ms. Anderson.

17. Ms. Anderson accepted the employment offer on the same day by electronically signing her offer letter.

18. Later in December, Mr. Rodriguez informed Ms. Anderson that a company laptop would be shipped to her and directed her to purchase safety equipment, such as a hard hat and safety boots, for which she would be reimbursed.

19. On or about December 28, 2020, Ms. Anderson informed Mr. Rodriguez that she was five months pregnant.

20. Mr. Rodriguez then called Ms. Anderson to inquire as to whether there was additional information he should know regarding Ms. Anderson's pregnancy.

21. During that call, Ms. Anderson informed Mr. Rodriguez that there was no additional information he should need and gave no indication that she would be unable to complete any requirement of the position as a result of her pregnancy, nor any indication that she would take a maternity leave.

22. During that call, Mr. Rodriguez also asked Ms. Anderson if she would be able to lift up to twenty-five pounds, she indicated that she could.

23. Mr. Rodriguez called Ms. Anderson again on or about December 29, 2020, and rescinded the offer of employment.

24. As reason for rescinding the offer Mr. Rodriguez explained they could not hire someone who was pregnant, citing that time off needed for pregnancy and maternity leave would not be feasible with the current project schedule, that the work environment was too hazardous, and that the physical requirements of the job could not be met.

25. Mr. Rodriguez memorialized these same reasons for rescinding the offer in an email to Barbara Ellison, Controller for DLS.

26. DLS later hired an individual who was not pregnant to fill the Engineering Logistics Analyst Position.

27. As a result of DLS failing to employ her, Ms. Anderson suffered damages, including but not limited to, the pain and humiliation of being denied a position for which she was qualified.

## STATEMENT OF CLAIMS

28. Paragraphs 10 through 27 are incorporated herein.

29. DLS engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), by failing to employ Charging Party Shelby Anderson because of her pregnancy and/or anticipated childbirth, a condition of her sex (female).

30. The effect of the practices complained of in paragraphs 10 through 27 above has been to deprive Charging Party Shelby Anderson of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her pregnancy, a condition of her sex (female).

31. The unlawful practices complained of in paragraphs 10 through 27 were intentional and caused Charging Party Shelby Anderson to suffer emotional distress including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and/or physical damages.

32. The unlawful practices complained of in paragraphs 10 through 27 were done intentionally and with malice or with reckless indifference to the federally protected rights of Charging Party Shelby Anderson.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Declare that DLS violated Title VII by discriminating against Charging Party Shelby Anderson based on her pregnancy, a condition of her sex (female);

B.     Grant a permanent injunction enjoining DLS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making employment decisions (including hiring, firing, and promoting) based on sex (female);

C.     Order DLS to institute and carry out policies, practices, and programs which provide equal employment opportunities for female pregnant applicants and employees and which eradicate the effects of its past and present unlawful employment practices;

D.     Order DLS to institute a training program for all managers and supervisors who participate in the hiring practice to ensure compliance with federal laws and company policies on nondiscrimination in the hiring process;

E.     Order DLS to make whole Charging Party Shelby Anderson who was denied employment based on her pregnancy, a condition of her sex (female), by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative

relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, instatement of Anderson into the Engineering Logistics Analyst position for which she was not hired or front pay in lieu thereof;

      F.      Order Defendant to make whole Charging Party Shelby Anderson by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, job search expenses and the like, in amounts to be determined at trial;

      G.      Order Defendant to make whole Charging Party Shelby Anderson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, loss of enjoyment of life, and the like, in amounts to be determined at trial;

      H.      Order Defendant to pay Charging Party Shelby Anderson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

      I.      Grant such further relief as the Court deems necessary and proper in the public interest; and

J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:    December 9, 2021

Respectfully Submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

KRISTEN FOSLID
Acting Regional Attorney
Florida Bar No: 0688681
Email: kristen.foslid@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*s/Chelsae Johansen Ford*
CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029
Email: Chelsae.Ford@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, Suite 1000

Tampa, FL 33602
Tel: 813.710.9346